[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
Plaintiff Resource Services, LLC, d/b/a J.R. Mont's Services, seeks damages from defendant City of Bridgeport for the latter's having breached a contract for landscaping services the city awarded to the plaintiff under a competitive bidding process. At the commencement of trial, the plaintiff withdrew counts two through five of its amended complaint. The city admitted liability under the first count. The court, after having considered the parties' claims, awards the plaintiff $54,882.00 damages.
In order for the plaintiff to perform its obligations under the contract, and in justifiable reliance on the city's conduct, the plaintiff paid $3,394.00 for a performance bond, $3,947.49 for other insurance, and $4,772.91 for nursery stock, which could not be used by the plaintiff on other projects. The court concludes that plaintiff should be compensated for these costs, which amount to $12,114.40. The court also concludes that the plaintiff should be compensated for the profit that it would have made on the project, which would have been $36,310.90.
The plaintiff seeks compensation for administrate costs and the time that Jimmy R. Cooper, who is the owner of the plaintiff landscaping company, spent preparing the company's claim against the city. The court concludes that these items are not compensable.
The plaintiff spent $2,750.00 for equipment that it planned to use on the project. The plaintiff has not shown that the life of the equipment would have ended with this project nor has it shown a fair method for allocating a portion of the cost of this equipment to this project. Accordingly, the court concludes that the plaintiff has not provided a basis for awarding fair compensation for this item.
The plaintiff seeks an award of interest, commencing June 1, 2001, for the city's wrongful detention of money. The plaintiff has shown that the CT Page 12433 city wrongfully detained money and that the interests of justice require the allowance of interest. It is fair to allow interest from June 1, 2001, in view of the fact that the city was clearly aware of the plaintiffs claim prior to the initiation of this lawsuit in May of 2001. See Exhibits 12, 13, and 23.
Based on the foregoing, the court awards the plaintiff $48,425.30 as compensation for expenses and lost profit. In addition, interest thereon in the amount of $6,456.70 is allowed for the period from June 1, 2001, through October 1, 2002. Judgment shall enter in favor of the plaintiff for $54,882.00.
THIM, J. CT Page 12434